IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| :MEGESO-WILLIAM-ALAN: DENIS a.k.a. WILLIAM DENIS<br><br>        Plaintiff,<br><br>    vs.<br><br>DAVID Y. IGE, CLARE E. CONNORS, DEREK S.K. KAWAKAMI, TODD RAYBUCK, DEREK KELLEY, RUSSELL HIMONGALA, and ARRYL KANESHIRO,<br><br>        Defendants. | Civil NO. 21-00011 SOM-RT<br><br>ORDER GRANTING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS |

**ORDER GRANTING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

**I.     INTRODUCTION**

On December 5, 2020, Plaintiff Megeso-William-Alan Denis was arrested during a protest in Kapaa, on the island of Kauai. According to Denis, even though he was socially distanced from other people, police officers arrested him because he was not wearing a face mask. Denis, proceeding *pro se*, has sued two of the police officers involved in his arrest, Defendant Derrick Kelley and Defendant Joseph Russell Himongala. He appears to assert that Kelley and Himongala arrested him without probable cause, and that they used excessive force during the arrest.

Those two officers (the "Moving Defendants") now argue that they are entitled to partial judgment on the pleadings on Denis's excessive force claim. They contend that even though

Denis included more detailed allegations in a prior complaint, because the operative First Amended Complaint only includes conclusory allegations in support of the excessive force claim, the claim should be dismissed.  This court agrees.  It is obvious, however, that Denis can cure the defects in the First Amended Complaint.  Accordingly, the dismissal is without prejudice, and Denis may move for leave to file a Second Amended Complaint.

**II.     BACKGROUND**

On December 5, 2020, Denis attended a protest in Kapaa, Kauai.  ECF No. 1, PageID # 14.  At the protest, Denis allegedly held a "free speech sign."  *Id.*  At some point, according to Denis, several police officers arrived and informed Denis that he was violating state and county laws that required him to wear a mask in public places (the "Mask Mandates").  *Id.*  Denis contends that he did not need to wear a mask because he was more than 18 yards away from any other protestor.  *Id.*

On January 6, 2021, Denis, proceeding *pro se*, filed this action.  In the initial complaint, Denis alleged that Kelley and Himongala wrongfully arrested him because he had not violated any law.  He also maintained that, during the arrest, Kelley and Himongala "manhandle[d]" him, causing "physical injuries to his hands, wrists, and shoulder area."  *Id.* at 15.  He claimed that he "received additional injuries to his hands, wrists, shoulder,

and neck while being forcibly placed in the police cruiser." *Id.* The officers took Denis to Mahelona Hospital for evaluation, where he was allegedly "diagnosed [with] a cervical sprain to the neck area, soft tissue damage to the shoulder and soft tissue damage and bone bruising in the wrists." *Id.* Denis said that, after leaving the hospital, he was incarcerated for several hours, until he posted bail. *Id.*

On that basis, Denis claimed that Kelley and Himongala violated his rights by carrying out "an unjust arrest and incarceration . . . based on the premise that he was failing to abide by the Governor's rules related to COVID-19." ECF No. 1, PageID # 7. In short, Denis appeared to be arguing that the two officers wrongfully arrested him without probable cause, and that the manner of the arrest violated the Fourth Amendment because the officers used excessive force. *Id.* at 16. Kelley and Himongala did not move to dismiss the initial complaint. Instead, they filed answers on March 9, 2021. ECF Nos. 34, 35.

The initial complaint also included claims against Defendants David Y. Ige (Hawaii's Governor), Clare E. Connors (Hawaii's Attorney General), Derek S.K. Kawakami (Kauai's Mayor), Defendant Todd Raybuck (Kauai's Police Chief) and Defendant Arryl Kaneshiro (the Chairperson of Kauai's County Council). Denis maintained that Defendants Ige, Connors, and Kawakami violated his constitutional rights by promulgating the Mask Mandates and

that Raybuck and Kaneshiro were indirectly responsible for his arrest because of their positions of authority. *Id.* at 6-7. Those defendants all filed motions to dismiss. Ige, Kawakami, and Connors argued that Denis failed to state a claim against them because the Mask Mandates were not unconstitutional. *See* ECF Nos. 24, 31, 48. Raybuck and Kaneshiro similarly argued that Denis had failed to state a claim against them because he had not alleged that they were responsible for any harm he purportedly suffered. *See* ECF Nos. 21, 24. On May 12, 2021, this court agreed, and filed an order dismissing the claims against Ige, Connors, Kawakami, Raybuck, and Kaneshiro, but gave Denis leave to amend his pleading. ECF No. 62.

On June 4, 2021, Denis filed an amended complaint. ECF No. 62. He largely repeated his allegations against Defendants Ige, Connors, Kawakami and Raybuck,[1] although he did add some additional details. *See generally id.* His claims against Kelley and Himongala, however, were less detailed than the claims in the initial complaint. Denis again contended that he was complying with the Mask Mandates at the time of his arrest, and that, as a result, Kelly and Himongala did not have probable cause to arrest him. *Id.* at 725. However, instead of reproducing his earlier, more detailed allegations concerning the officers' conduct and

---

[1] The First Amended Complaint did not include claims against Kaneshiro. *See* ECF No. 63.

4

his injuries, Denis only alleged that he "received bodily harm" from both of the officers, and that he incurred hospital bills as a result. *Id.* at 725, 737.

Defendants Ige, Connors, Kawakami, and Raybuck moved to dismiss the First Amended Complaint, while Kelley and Himongala again filed answers. ECF Nos. 64, 66, 67, 70. On August 31, 2021, this court dismissed the claims against Ige, Connors, Kawakami, and Raybuck with prejudice. ECF No. 97. On October 22, 2021, Kelley and Himongala, the only remaining Defendants, filed a motion for partial judgment on the pleadings. ECF No. 100.

**III.    LEGAL STANDARD.**

Rule 12(c) of the Federal Rules of Civil Procedure states, "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion. *United States ex rel. Caffaso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); *accord Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) ("Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the

complaint, taken as true, entitle the plaintiff to a legal remedy.").

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell*, 266 F.3d at 988; *Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996). Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**IV.     ANALYSIS**

    **A.   The First Amended Complaint Attempts to Raise an Excessive Force Claim.**

The Moving Defendants first argue that Denis has "voluntarily waived any claim of Fourth Amendment excessive force by not raising such a claim" in the First Amended Complaint.  ECF No. 100-1, PageID # 1107.  Although Denis has alleged that he was harmed by Kelley and Himongala during his arrest, the Moving Defendants appear to contend that because Denis did not specifically mention the Fourth Amendment in the First Amended Complaint, Denis has not even attempted to plead a Fourth Amendment excessive force claim.  *See id.*

That assertion fails to account for Denis's *pro se* status.  Courts have "an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings

liberally and to afford the petitioner the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks omitted). This court construes Denis's allegations that he was harmed by Kelley and Himongala during his arrest as an attempt to assert an excessive force claim. Denis has not waived that claim.

> **B. The First Amended Complaint Fails to State an Excessive Force Claim.**

The Moving Defendants also contend that Denis has failed to state an excessive force claim because his allegations concerning "bodily harm" and "injuries" are conclusory. ECF No. 100-1, PageID # 1006. This court agrees. A plaintiff may not state a claim through "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. In other words, a complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Denis's claims that he suffered "bodily harm," without any elaboration, are insufficient under that standard. "Bodily harm" that takes the form of, for example, a minuscule scratch that was unintentional might not qualify as excessive force. Some further detail is needed to place the alleged "bodily harm" into the excessive force category. The motion for partial judgment on the pleadings is granted. Denis's excessive force claims are dismissed.

### C. The Excessive Force Claim is Dismissed Without Prejudice.

The only remaining issue is whether the dismissal should be with prejudice. The Ninth Circuit has held that "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Here, two different documents demonstrate that the excessive force claims could be saved.

First, in his initial complaint, Denis alleged that the two officers "manhandle[d]" him, and that he "received additional injuries to his hands, wrists, shoulder, and neck while being forcibly placed in the police cruiser." ECF No. 1, PageID # 15. Those more detailed allegations suffice to state an excessive force claim. Had Denis included those allegations in his First Amended Complaint, the present motion would fail.[2]

---

[2] It is unclear if the Moving Defendants are arguing that Denis has forever waived his ability to rely on those allegations because he did not include them in the First Amended Complaint. *See* ECF No. 100-1, PageID # 1106. The Moving Defendants cite authorities that state that "[a]ll *causes of action* alleged in an original complaint which are not alleged in an amended complaint are waived." *See, e.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (emphasis added), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). Both the initial complaint and the First Amended Complaint included causes of action against Kelley and Himongala based on Denis's claims that they used excessive force. Denis has not waived that cause of action. And the Moving Defendants have not cited any cases that suggest that a *pro se* plaintiff, who may not understand the

Second, in his opposition,[3] Denis contends that he was "handcuffed and roughed up for no reason," and that this treatment caused "bodily harm to his wrists, neck, and shoulder areas."  ECF No. 112, PageID # 1228.  A plaintiff may not amend his complaint through an opposition brief.  *See Rodriguez v. Kwok*, 2014 WL 889570, at *6 (N.D. Cal. Mar. 3, 2014) ("Statements made in an opposition brief cannot amend the complaint."); *see also Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss").  However, this court may consider those allegations in deciding whether to dismiss with prejudice.  *See Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137 (9th Cir. 2001).  The assertions in Denis's opposition, if incorporated in an

---

formal rules of pleading, forever loses his ability to rely on specific factual allegations in an earlier complaint if he fails to include the same specific allegations in a later complaint.  *See generally Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) ("This court recognizes that it has a duty to ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements.").

[3]  The Local Rules limit an opposition brief to 25 pages, unless the brief includes a certification that it contains no more than 6,250 words.  Local Rule 7.4.  Denis's opposition brief is 32 pages, and it does not include the requisite certification.  Denis has already been warned on several that he must follow all court rules, including those rules setting page limits.  ECF No. 51, 62.  Accordingly, this Court disregards anything in Denis's opposition brief beyond the 25th page.  Future filings that do not comply with court rules may be disregarded entirely.

amended complaint, would also allow Denis to state an excessive force claim.

Thus, dismissal without prejudice is not warranted. However, this court does not simply grant Denis leave to amend. Denis's opposition suggests that any amended complaint may include new claims that are patently frivolous. As just a few illustrative examples, Denis's opposition discusses claims based on the King James Bible and the Nuremberg Code. ECF No. 112, PageID # 1243-44. Denis also points to several claims that appear to be based on state and federal criminal statutes. *See generally* ECF No. 112. None of those claims is properly the subject of a federal civil action.

This court therefore gives Denis leave to file, by no later than December 13, 2021, a motion seeking leave to file an amended complaint under Federal Rules of Civil Procedure Rule 15(a)(2). The court sets this deadline notwithstanding the deadline of March 28, 2022, set forth in the Rule 16 Scheduling Order, ECF No. 82, for motions to join additional parties or to amend the pleadings. That motion **must** include as an attached exhibit a copy of the proposed amended complaint that Denis seeks to file. The proposed Second Amended Complaint must be a freestanding document that does not incorporate any earlier complaint or any opposition memorandum filed by Denis in this case. Moreover, the amended complaint should **only** include

11

allegations against Defendants Kelley and Himongala.  This court will strike any allegations against Defendants Ige, Connors, Kawakami, Raybuck, or Kaneshiro, because the claims against those Defendants have already been dismissed with prejudice.  For the same reason, this court will strike any allegations that suggest that the Mask Mandates issued by Governor Ige or Mayor Kawakami were unconstitutional.  Denis's position in that regard is already preserved in his prior filings, and this order in no way diminishes his ability to challenge on appeal this court's earlier rulings once a final judgment has been entered.

**V.        CONCLUSION.**

The motion for partial summary judgment is granted. Denis may file, by no later than December 13, 2021, a motion seeking leave to file an amended complaint under Federal Rules of Civil Procedure Rule 15(a)(2).  That motion must comply with the requirements discussed in this order.  If Denis fails to file such a motion by December 13, 2021, his claims against Kelley and Himongala will be dismissed with prejudice.

It is so ordered.

DATED: Honolulu, Hawaii, November 15, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Denis v. Ige et al.*, Civil No. 21-00011 SOM-RT, ORDER GRANTING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS