IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| :MEGESO-WILLIAM-ALAN: DENIS ) <br> a.k.a. WILLIAM DENIS ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> ) <br> ) <br> vs. ) <br> ) <br> DAVID Y. IGE, CLARE E. ) <br> CONNORS, DEREK S.K. KAWAKAMI, ) <br> TODD RAYBUCK, DEREK KELLEY, ) <br> RUSSELL HIMONGALA, and ARRYL ) <br> KANESHIRO, ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | Civil NO. 21-00011 SOM-RT <br><br> ORDER GRANTING IN PART AND <br> DENYING IN PART DEFENDANTS' <br> SECOND MOTION FOR PARTIAL <br> JUDGMENT ON THE PLEADINGS |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' SECOND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

**I.      INTRODUCTION**

On December 5, 2020, Plaintiff Megeso-William-Alan Denis was arrested during a protest in Kapaa, on the island of Kauai.  According to Denis, even though he was socially distanced from other people, police officers arrested him because he was not wearing a face mask.  Denis, proceeding *pro se*, has sued two of the police officers involved in his arrest, Defendant Derrick Kelley and Defendant Joseph Russell Himongala.  His primary contention appears to be that Kelley and Himongala arrested him without probable cause.

Those two officers (the "Moving Defendants") have moved for partial judgment on the pleadings.  While they do not

challenge Denis's claims that he was arrested without probable cause, they contend that several peripheral claims should be dismissed.  Their motion is granted in part and denied in part.

**II.      BACKGROUND**

On December 5, 2020, Denis attended a protest in Kapaa, Kauai.  ECF No. 1, PageID # 14.  At the protest, Denis allegedly held a "free speech sign."  *Id.*  At some point, according to Denis, several police officers arrived, informed Denis that he was violating state and county laws that required him to wear a mask in public places because of the coronavirus pandemic (the "Mask Mandates"), and arrested him.  *Id.*  Denis contends that he did not need to wear a mask because he was more than 18 yards away from any other protestor.  *Id.*

On January 6, 2021, Denis, proceeding *pro se*, filed this action.  In the initial complaint, Denis alleged that Kelley and Himongala wrongfully arrested him because he had not violated any law.  *Id.* at 15.  He also maintained that he suffered several injuries during his arrest.  *Id.*  Denis appeared to be bringing two Fourth Amendment claims: (1) a claim that the two officers wrongfully arrested him without probable cause, and (2) a claim that the manner of the arrest violated the Fourth Amendment because the officers used excessive force.  *Id.* at 16.  However, Denis also cited several other constitutional provisions,

including the First Amendment and Fourteenth Amendment.  ECF No. 1, PageID # 10-11.

Kelley and Himongala did not move to dismiss the initial complaint.  Instead, they filed answers on March 9, 2021.  ECF Nos. 34, 35.

The initial complaint also included claims against Defendants David Y. Ige (Hawaii's Governor), Clare E. Connors (Hawaii's Attorney General), Derek S.K. Kawakami (Kauai's Mayor), Defendant Todd Raybuck (Kauai's Police Chief) and Defendant Arryl Kaneshiro (the Chairperson of Kauai's County Council).  Denis maintained that Defendants Ige, Connors, and Kawakami violated his constitutional rights by promulgating the Mask Mandates and that Raybuck and Kaneshiro were indirectly responsible for his arrest because of their positions of authority.  *Id.* at 6-7.

Those defendants all filed motions to dismiss.  Ige, Kawakami, and Connors argued that Denis failed to state a claim against them because the Mask Mandates were not unconstitutional.  *See* ECF Nos. 24, 31, 48.  Raybuck and Kaneshiro similarly argued that Denis had failed to state a claim against them because he had not alleged that they were responsible for any harm he purportedly suffered.  *See* ECF Nos. 21, 24.  On May 12, 2021, this court agreed and filed an order dismissing the claims against Ige, Connors, Kawakami, Raybuck, and Kaneshiro without prejudice.  ECF No. 62.

On June 4, 2021, Denis filed an amended complaint. ECF No. 62. He largely repeated his allegations against Defendants Ige, Connors, Kawakami and Raybuck,[1] although he did add some additional details. *See generally id.* His claims against Kelley and Himongala, on the other hand, were less detailed than the claims in the initial complaint. Denis again contended that he was complying with the Mask Mandates at the time of his arrest, and that, as a result, Kelly and Himongala did not have probable cause to arrest him. *Id.* at 725. Instead of reproducing his earlier, more detailed allegations concerning the officers' conduct and his injuries, however, Denis only alleged that he "received bodily harm" from both of the officers, and that he incurred hospital bills as a result. *Id.* at 725, 737.

Defendants Ige, Connors, Kawakami, and Raybuck moved to dismiss the First Amended Complaint, while Kelley and Himongala again filed answers. ECF Nos. 64, 66, 67, 70. On August 31, 2021, this court dismissed the claims against Ige, Connors, Kawakami, and Raybuck with prejudice. ECF No. 97.

On October 22, 2021, Kelley and Himongala, the only remaining Defendants, filed their first motion for partial judgment on the pleadings. ECF No. 100. Kelley and Himongala argued that, because Denis had deleted his more detailed

---

[1] The First Amended Complaint did not include claims against Kaneshiro. *See* ECF No. 63.

allegations about the injuries he said he had suffered, the First Amended Complaint failed to alleged a plausible Fourth Amendment excessive force claim.  ECF No. 100-1.  This court agreed.  ECF No. 117, PageID # 1308.  The court dismissed the claim without prejudice and permitted Denis to move for leave to file a Second Amended Complaint.  *Id.*  Denis, however, failed to comply with this court's orders and the applicable local rules, leading to the dismissal of his excessive force claim.  ECF Nos. 121, 124, 127, 128.

On January 26, 2022, Kelley and Himongala filed their second motion for partial judgment on the pleadings, which is the subject of this order.  ECF No. 131-1.  Again, Kelley and Himongala do not challenge Denis's claims that the officers violated his Fourth Amendment rights by arresting him without probable cause.  Instead, they maintain that, to the extent Denis is bringing claims against them based on the First Amendment, the Fourteenth Amendment, or various provisions of the Hawaii constitution, those claims should be dismissed.  *Id.* at 1413-1424.

**III.     LEGAL STANDARD.**

Rule 12(c) of the Federal Rules of Civil Procedure states, "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." The standard governing a Rule 12(c) motion for judgment on the

5

pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion.  *United States ex rel. Caffaso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); *accord Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) ("Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.").

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  *Sprewell*, 266 F.3d at 988; *Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996).  Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**IV.     ANALYSIS**

    **A.    The Moving Defendants are Not Entitled To Judgment on the Pleadings on Denis's Claim that the Officers Retaliated Against His Exercise of His First Amendment Rights.**

The Moving Defendants first contend that, to the extent that Denis is claiming that the officers retaliated against his exercise of his First Amendment rights, that claim must be dismissed. ECF No. 131-1, PageID # 1413. "As a general matter,

the First Amendment prohibits government officials from subjecting an individual to retaliatory actions for engaging in protected speech." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (internal quotation marks omitted). "To state a First Amendment retaliation claim, a plaintiff must plausibly allege that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *Capp v. Cty. of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (internal quotation marks omitted). According to the Moving Defendants, Denis has failed to adequately allege the third element, because he does not specifically identify a "retaliatory animus" or "retaliatory motive" that led to his arrest. ECF No. 131-1, PageID # 1415.

The pleading requirements for a First Amendment retaliation claim are not stringent. The Ninth Circuit has recognized that "[b]ecause direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012); *accord Capp*, 940 F.3d at 1055 (citing *Watison*).

Denis has alleged such a chronology of events here. According to the First Amended Complaint, Denis was arrested

8

while he "was engaged in a peaceful protest on a public sidewalk." ECF No. 63, PageID # 725. Denis also maintains that the officers lacked probable cause to arrest him, because, even though he was not wearing a mask, he was at least 18 yards away from any other protestor and therefore exempt from the Mask Mandates. *Id.* As the Supreme Court has recognized, the absence of probable cause "generally provide[s] weighty evidence that the officer's animus caused the arrest." *Nieves*, 139 S. Ct. at 1724. By alleging that he was engaged in a peaceful protest when he was arrested without probable cause, Denis has stated a plausible claim that he was arrested because of his exercise of his First Amendment rights. The Moving Defendants' motion for judgement on the pleadings on this claim is denied.

> **B. The Moving Defendants are Entitled To Judgment on the Pleadings on Denis's Fourteenth Amendment Claim.**

The Moving Defendants also argue that Denis's Fourteenth Amendment claims duplicate his Fourth Amendment claims and must be dismissed. The Supreme Court has repeatedly held that if "a particular Amendment provides an explicit source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing" any claims covered by the more specific amendment. *Albright v. Oliver*, 510 U.S. 266, 273 (1994); *accord Graham v. Connor*, 490

9

U.S. 386, 395 (1989) ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."). The Moving Defendants argue that because Denis alleges that he was arrested without probable cause in violation of the Fourth Amendment, his Fourteenth Amendment claim based on violations of his substantive due process rights must be dismissed. ECF No. 131-1, PageID # 1419.

Denis has not responded to that argument.[2] He has never asserted that his Fourteenth Amendment claims are distinct from his Fourth Amendment claims, and this court cannot discern any difference between the two. Because any claim of arrest without probable cause must be analyzed under the Fourth Amendment, the Moving Defendants' motion for judgment on the pleadings on Denis's Fourteenth Amendment claims is granted. *See Albright*, 510 U.S. at 273; *Graham*, 490 U.S. at 395.

---

[2] Denis's opposition is difficult to follow and includes numerous assertions that have nothing to do with the legal issues before this court. For instance, Denis states that unless the Moving Defendants can "provide irrefutable proof of being [Denis's] creator of many names, then there is nothing left to discuss." ECF No. 135, PageID # 1437. This court cannot ascertain any response in Denis's filing to the specific issues raised by the Moving Defendants.

### C. The Moving Defendants are Entitled To Judgment on the Pleadings on Denis's Claim Against them in their Official Capacities.

The Moving Defendants also argue that, to the extent Denis is bringing claims against them in their official capacities, those claims must be dismissed because Denis has not alleged that any Kauai County policy or custom led to his wrongful arrest. ECF No. 131-1, PageID # 1416-18. This court agrees.

In cases brought under 42 U.S.C. § 1983, "[o]fficial capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978). In other words, "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "[T]hus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Id.*; *accord Hyun Ju Park v. City & Cty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020); *Lowry v. City of San Diego*, 858 F.3d 1248, 1255 (9th Cir. 2017).

The Moving Defendants maintain that the only Kauai County policy or custom alleged in the complaint is the Kauai Mayor's Mask Mandate. ECF No. 131-1, PageID # 1418. Denis does not dispute that assertion. This court has already dismissed

11

Denis's constitutional claims based on the Mask Mandates. ECF No. 97. Accordingly, Denis has not identified a policy or custom that could support a claim against the County of Kauai. This court has considered whether Denis should be allowed to identify such a custom in a further amended pleading. The court declines to permit such an amendment given Denis's total silence on that matter and given the absence in the record of any suggestion of such a policy or custom. The Moving Defendants' motion for judgment on the pleadings on Denis's official capacity claims against them is granted.

### D. The Moving Defendants are Entitled To Judgment on the Pleadings on Denis's Claims Based on the Hawaii Constitution.

Finally, the Moving Defendants seek judgment on the pleadings on Denis's claims based on various provisions of the Hawaii constitution. ECF No. 131-1, PageID # 1421-24. They argue that (1) there is no private cause of action for damages under the Hawaii constitution, and (2) Denis's claims against Officers Kelley and Himongala do not entitle him to injunctive or declaratory relief. *Id.* Denis fails to respond to either assertion. The court construes that failure as a concession on both points and a failure to prosecute these claims. Accordingly, the Moving Defendants' motion for judgment on the pleadings on

Denis's claims under the Hawaii constitution is granted.[3]

**V.        CONCLUSION.**

The motion for partial judgment on the pleadings is granted in part and denied in part.

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The court has ruled that Denis's Fourteenth Amendment claims, his official capacity claims, and his claims based on the Hawaii constitution fail on legal grounds. Moreover, Denis's opposition brief failed to even attempt to articulate a basis that would permit him to move forward on those claims. On that basis, this court concludes that the dismissed claims could not be saved by amendment. Denis's Fourteenth Amendment claims, his official capacity claims, and his claims based on the Hawaii constitution are dismissed with prejudice. The motion is denied to the extent it sought dismissal of Denis's First Amendment retaliation claim. That claim remains for further adjudication, along with the Fourth Amendment claim that was not the subject of the motion.

---

[3] This court also notes that the pertinent provisions of the Hawaii constitution appear to be coextensive with the provisions of the federal Constitution that are at issue in this case. *Cf.* ECF No. 97, PageID # 1077-80. Thus, even if any of Denis's claims based on the Hawaii constitution remained in the case, Denis would not recover more damages, although that is not the basis for the present ruling.

It is so ordered.

DATED: Honolulu, Hawaii, April 7, 2022



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Denis v. Ige et al., Civil No. 21-00011 SOM-RT, ORDER GRANTING IN PART AND DENYING IN PART SECOND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS