IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MEGESO WILLIAM ALAN DENIS,<br><br>    Plaintiff,<br><br>    vs.<br><br>DAVID Y. IGE, in his individual and official capacity as Governor of the State of Hawaii; CLARE E. CONNORS, in her individual and official capacity as Attorney General of the State of Hawaii; DEREK S.K. KAWAKAMI, in his individual and official capacity as Mayor of the County of Kauai; TODD RAYBUCK, in his individual and official capacity as Chief of Police, County of Kauai; DEREK KELLEY; in his individual and official capacity as Officer of Kauai Police Department; RUSSELL HIMONGALA, in his individual and official capacity as Officer of Kauai Police Department; ARRYL KANESHIRO, in his individual and official capacity as County Council Chair of Kauai,<br><br>    Defendants. | Civ. No. 21-00011 HG-RT |

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**
**(ECF No. 171)**

Plaintiff Megeso William Alan Denis, proceeding pro se,

1

filed a Motion For Relief From Judgment on the basis of "fraud upon the Court." Plaintiff seeks to vacate the Judgment entered by the Court approximately three and a half years ago on July 29, 2022.

Plaintiff filed his Motion pursuant to Fed. R. Civ. P. 60(b)(3), which allows for a Court to set aside a judgment that was procured based on upon evidence of fraud upon the Court. Plaintiff's December 29, 2025 Motion seeking to set aside the July 29, 2022 Judgment is untimely. Motions seeking to set aside a judgment based on fraud upon the court must be filed within one year of judgment being entered. Fed. R. Civ. P. 60(c)(1).

In addition, there is no basis to set aside the July 2022 Judgment. Plaintiff has not established there was fraud upon the Court. There are also no extraordinary circumstances that would merit relief as requested.

Plaintiff's MOTION TO SET ASIDE JUDGMENT (ECF No. 171) is **DENIED**.

## PROCEDURAL HISTORY

On January 6, 2021, Plaintiff, proceeding pro se, filed a Complaint. (ECF No. 1).

The case was assigned to the Honorable Susan Oki Mollway. (ECF No. 6).

On March 2, 2021, the State Defendants filed a Motion to Dismiss. (ECF No. 31).

On May 12, 2021, the Court issued an ORDER GRANTING MOTION TO DISMISS.  (ECF No. 62).

On June 4, 2021, Plaintiff filed the FIRST AMENDED COMPLAINT.  (ECF No. 63).

On June 18, 2021, the State Defendants filed a Motion to Dismiss the First Amended Complaint.  (ECF No. 70).

On August 31, 2021, the Court issued an ORDER GRANTING MOTION TO DISMISS.  (ECF No. 97).

On September 17, 2021, the two remaining Defendants filed a Motion for Partial Judgment on the Pleadings.  (ECF No. 100).

On September 29, 2021, Plaintiff filed a Notice of Appeal of the Order granting the Motion to Dismiss.  (ECF No. 106).

On October 18, 2021, the Ninth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction because the Order was not a final order.  (ECF No. 111).

On October 25, 2021, Plaintiff filed a Motion for Reconsideration of the Court's Order Granting the Motion to Dismiss.  (ECF No. 113).

On October 27, 2021, the Court denied Plaintiff's Motion for Reconsideration.  (ECF No. 114).

On November 15, 2021, the Court issued an ORDER GRANTING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS.  (ECF No. 117).

On January 26, 2022, the two remaining Defendants filed a Second Motion for Partial Judgment on the Pleadings.  (ECF No.

131).

On April 7, 2022, the Court issued an ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' SECOND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS.  (ECF No. 146).

On May 24, 2022, the two remaining Defendants filed a Motion for Summary Judgment.  (ECF No. 150).

On May 25, 2022, Plaintiff filed a Motion for Summary Judgment.  (ECF No. 155).

On July 29, 2022, the Court issued an ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT. (ECF No. 169).

Also on July 29, 2022, Judgment was issued in favor of the Defendants.  (ECF No. 170).

Nearly three and a half years after the filing of the Judgment, on December 29, 2025, Plaintiff filed a Motion for Relief From Judgment.  (ECF No. 171).

The case has been reassigned from Judge Mollway to Judge Gillmor.  (ECF No. 173).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) permits relief from final judgments, orders, or proceedings.  Rule 60(b) provides six

4

separate bases for relief.  The rule provides, as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.
>
> Fed. R. Civ. P. 60(b).

A successful motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision.  Second, the motion must set forth facts or law of a "strongly convincing" nature to induce the Court to reverse its prior decision.  Jacob v. United States, 128 F.Supp.2d 638, 641 (D. Haw. 2000).

Mere disagreement with a court's analysis is not a sufficient basis for relief pursuant to Fed. R. Civ. P. 60(b).

5

Sierra Club v. City and Cnty. of Honolulu, 486 F.Supp.2d 1185, 1188 (D. Haw. 2007) (citing Haw. Stevedores, Inc. v. HT & T Co., 363 F.Supp.2d 1253, 1269 (D. Haw. 2005)).

The decision to grant relief pursuant to Rule 60(b) is committed to the sound discretion of the court. Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

## ANALYSIS

### I. Consideration for Pro Se Litigants

The Court recognizes that Plaintiff is proceeding pro se. Pro se pleadings are construed liberally. Ballistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Pro se litigants are not excused from complying with the Federal Rules of Civil Procedure and the Local Rules for the District Court for the District of Hawaii. Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000). Pro se litigants must comply with the same rules of procedure that govern other litigants. Motoyama v. Haw. Dep't of Transp., 864 F.Supp.2d 965, 975 (D. Haw. 2012).

### II. Plaintiff's Rule 60(b)(3) Motion Is Untimely

Plaintiff's Motion asserts that it seeks relief based on

"fraud upon the Court" pursuant to Fed. R. Civ. P. 60(b)(3). (Pla.'s Motion, ECF No. 171).

A motion filed pursuant to Rule 60(b)(3) for fraud upon the Court must be made no more than one year after the entry of the judgment from which a party seeks relief.  Fed. R. Civ. P. 60(c)(1); see Coney Island Auto Parts Unlimited, Inc. v. Burton Trustee for Vista-Pro Automotive, LLC, 607 U.S.   ,   S.Ct.  , 2026 WL 135998 *2-*3, (January 20, 2026) (explaining that Rule 60(c)(1) imposes a 1-year limit on Rule 60(b) motions alleging mistake, new evidence, or fraud).

Judgment was entered on July 29, 2022. (ECF No. 170). Plaintiff's Motion was filed almost three and a half years later on December 29, 2025.  (ECF No. 171).  Plaintiff's Motion (ECF No. 171) filed pursuant to Fed. R. Civ. P. 60(b)(3) is untimely. Fed. R. Civ. P. 60(c)(1); Hollis-Arrington v. Cendant Mortg. Corp., 465 Fed. Appx. 675, 675 (9th Cir. 2012).

The Court lacks jurisdiction to consider Plaintiff's untimely Motion filed pursuant to Fed. R. Civ. P. 60(b)(3). Nevitt v. United States, 886 F.2d 1187, 1188 (9th Cir. 1989) (a district court lacks jurisdiction to consider an untimely motion to set aside a judgment).

### III. Plaintiff's Motion For Relief From Judgment Lacks Merit

Even if the Court had jurisdiction to consider Plaintiff's

7

Rule 60(b)(3) Motion, Plaintiff has not provided any basis to vacate the Judgment entered on July 29, 2022.

To prevail on a Motion filed pursuant to Fed. R. Civ. P. 60(b)(3), the moving party must prove by clear and convincing evidence that the judgment was obtained through fraud, misrepresentation, or other misconduct by the opposing party and that the conduct complained of prevented the losing party from fully and fairly presenting the defense. Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004).

Plaintiff has not provided any evidence, much less clear and convincing evidence, of fraud upon the Court. Plaintiff argues that the Court did not properly consider his evidence at the time it ruled on the Motions to Dismiss, on the Pleadings, and for Summary Judgment. Plaintiff attaches more than a dozen exhibits, none of which are new and previously unavailable. Id. (explaining that Rule 60(b)(3) requires that the evidence of fraud be new and previously undiscoverable by due diligence before or during the proceedings in order to justify relief).

There is no evidence of any fraud upon the Court that prevented Plaintiff from presenting his case. Bunch v. United States, 680 F.2d 1271, 1283 (9th Cir. 1982). Rule 60(b)(3) is "aimed at judgments which were unfairly obtained, not at those which are factually incorrect." DeSaracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000) (citing In re

8

M/V Peacock, 809 F.2d 1403, 1405 (9th Cir. 1987)).  There is no basis to find that the Judgment was unfairly obtained.

Plaintiff also has not provided any evidence that Defendants engaged in misconduct in the proceedings before the Court or engaged in fraud.  Instead, Plaintiff merely disagrees with the Court's rulings.  Plaintiff's mere dissatisfaction with the Court's previous Orders and the Judgment of the Court are insufficient to set aside the Judgment.  White v. Sabatino, 424 F.Supp.2d 1271, 1274 (D. Haw. 2006); Haw. Stevedores, Inc. v. HT & T Co., 363 F.Supp.2d 1253, 1269 (D. Haw. 2005).

There is no other basis for the Court to set aside the Judgment issued on July 29, 2022.  There are no extraordinary circumstances that would merit relief pursuant to Fed. R. Civ. P. 60(b)(6).  Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006).

//
//
//
//
//
//
//
//
//

**CONCLUSION**

Plaintiff's Motion for Relief From Judgment (ECF No. 171) is **DENIED**.

The Clerk of Court is **DIRECTED TO CLOSE THE CASE**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 26, 2026.



Helen Gillmor
United States District Judge

Megeso William Alan Denis v. David Ige, in his individual and official capacity as Governor of the State of Hawaii; Clare E. Connors, in her individual and official capacity as Attorney General of the State of Hawaii; Derek S.K. Kawakami, in his individual and official capacity as Mayor of the County of Kauai; Todd Raybuck, in his individual and official capacity as Chief of Police, County of Kauai; Derek Kelley; in his individual and official capacity as Officer of Kauai Police Department; Russell Himongala, in his individual and official capacity as Officer of Kauai Police Department; Arryl Kaneshiro, in his individual and official capacity as County Council Chair of Kauai, Civ. No. 21-00011 HG-RT; **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (ECF No. 171)**